## Case No. 3,023.

### The COLON.

[9 Ben. 354.][1]

District Court, S. D. New York. March, 1878.

BILL OF LADING — STOWAGE — LIABILITY OF CARRIER FOR NEGLIGENCE OF SERVANTS.

1. A bill of lading contained a clause excepting "any act, neglect, or default whatsoever" of the master or mariners, and a clause against

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

liability for leakage or breakage, "when properly stowed." The effect of these clauses, taken together, was not to exempt the vessel from responsibility for leakage and breakage occurring as the result of bad stowage by the master or mariners.

2. A carrier cannot, by contract, relieve himself from responsibility for the negligence of his servants, because such a contract is unreasonable and contrary to public policy.

[Cited in The Montana, 17 Fed. 379.]

In admiralty.

Benedict, Taft & Benedict, for libellants.
Boardman & Boardman, for claimants.

BLATCHFORD, District Judge. This is a libel against the steamship Colon, to recover for the value of the contents of certain packages of brandy and wine shipped on board the steamer Colon at Aspinwall, to be carried to New York. When the vessel arrived at New York the contents were gone and the packages were reduced to loose staves. It satisfactorily appears that the packages, which were half barrels and a keg, were broken loose from their positions during the voyage, and, as a result, broken in pieces. This, on the evidence, was the result of negligent stowage on the part of the ship. The packages were brought from San Francisco under a bill of lading issued by the Pacific Mail Steamship Company, which owned the Colon. By the bill of lading the company agreed to transport the goods, by one of their steamers, from Aspinwall to New York, and there deliver them in the same apparent good order and condition in which they were stated by the bill of lading to have been shipped. The answer sets up that the damage was caused by the shifting of a portion of the cargo of the vessel caused by stress of weather, and not from any negligence on the part of the vessel, and that the goods were properly stowed. The bill of lading excepts disasters or dangers of the seas; but the evidence establishes that the stress of weather was not such that it is reasonable to think it would have caused the packages to break away if they had been properly stowed.

There is a clause in the bill of lading which excepts "any act, neglect, or default whatsoever" of the master or mariners; and a clause which states that the company is not accountable for leakage or breakage, "when properly stowed." The effect of these two clauses taken together is not to exempt the company from responsibility for leakage and breakage occurring as the result of bad stowage by the master or mariners. But, aside from that, the company cannot, by contract, relieve itself from responsibility for the negligence of its servants, because such a contract is unreasonable and contrary to public policy. Railroad Co. v. Lockwood, 17 Wall. [84 U. S.] 357; Bank of Kentucky v. Adams Exp. Co., 93 U. S. 181. There must be a decree for the libellants, with costs, with a reference to ascertain the damages the libellants have sustained.